John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jennifer S. Coleman, Bar No. 213210
jcoleman@hopkinscarley.com
Aleksandr Korzh, Bar No. 286613
akorzh@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:      (408) 998-4790

Attorneys for Plaintiff
PHOTOGRAPHIC ILLUSTRATORS
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SMARTLABS, INC. dba SMARTHOME, and JUDITH BERMAN dba DESIGN TYME,<br><br>Defendants. | **CASE NO.**  5:14-cv-2153<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT; AND**<br><br>**(2) INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION** |

Plaintiff Photographic Illustrators Corporation ("PIC") brings this civil action against Defendants Smartlabs, Inc. ("Smartlabs") and Judith Berman, doing business as Design Tyme, ("Design Tyme") (collectively, "Defendants").

**THE PARTIES**

1.     PIC is a Massachusetts corporation with a place of business at 467 Sagamore Street, Hamilton, Massachusetts 01936.

2. Upon information and belief, Smartlabs, Inc. is a California corporation with its principal place of business at 16542 Millikan Avenue, Irvine, California 92606.

3. Upon information and belief, Judith Berman is an individual doing business as Design Tyme with a principal place of business in Comer, Georgia.

**JURISDICTION AND VENUE**

4. This is a civil action for injunctive relief and damages for violation of the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq*.; the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, *et seq*, and the Lanham Act, 15 U.S.C. § 1125(a).

5. This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338.

6. The court has personal jurisdiction over the Defendants. Upon information and belief, Defendants do business within the State of California and within this judicial district.

7. Smartlabs operate a commercial websites (www.smarthome.com) ("Smartlabs' Website"). Design Tyme operates a commercial website (www.designtyme.com) ("Design Tyme's Website") (Smartlabs' Website and Design Tyme's Website collectively "Defendants' Websites"). Upon information and belief, Defendants regularly advertise, sell and offer for sale lighting products to online visitors to Defendants' Websites, including online visitors located in California, and Defendants have injured PIC in California by reproducing and distributing PIC's copyrighted images on and/or through Defendants' Websites.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391.

**PIC'S COPYRIGHTED IMAGES**

9. PIC specializes in photography, including photography of consumer products for catalogs, advertising, and product packaging.

10. Over a span of years dating back to the 1960s, various companies, including Osram Sylvania, Inc. ("Sylvania"), have retained PIC to photograph certain of their products.

11. PIC authored the 54 photographic images of Sylvania products referenced in this Complaint (the "PIC Images"). True and correct copies of the PIC Images are attached hereto as Exhibits 2-55.

12. PIC retains ownership of all right, title and interest in the copyrights for the PIC Images.

13. Three of the PIC Images (Exhibits 2-4) were made the subject of an application which matured into United States Copyright Registration Certificate No. VA 1-321-513 (effective November 28, 2005) and two of the PIC Images (Exhibits 5-6) were made the subject of an application which matured into United States Copyright Registration Certificate No. VA 1-359-244 (effective May 30, 2006) (together, attached as Exhibit 1).

14. 49 of the PIC Images were made the subject of applications for copyright registration: 27 of the PIC Images were the subject of applications received by the United States Copyright Office on December 21, 2012 (Exhibits 7-33), 14 of the PIC Images were the subject of applications received by the United States Copyright Office on June 20, 2013 (Exhibits 34-47), and the remaining 8 PIC Images were the subject of an application received by the United States Copyright Office on October 24, 2013 (Exhibit 48-55). These applications for registration were complete and submitted in proper form with the appropriate filing fees.

15. Before publishing the PIC Images, PIC attaches the name of the photographer (Paul Kevin Picone), the name the copyright owner (P.I. Corp.) and copyright notice (collectively, "PIC Copyright Management Information"), as shown in Exhibits 2-55.

## PIC'S PROTECTABLE MARKS

16. PIC's photography services and images enjoy an excellent reputation and have gained great value and recognition in the marketplace.

17. For three decades PIC has done business under the PIC name and has used the name of PIC's President, Paul Kevin Picone, in connection with PIC's services. Through PIC's longstanding practice of attaching to each published PIC Image the names "P.I.Corp." and "Paul Kevin Picone," consumers have come to associate these names with high-quality photography. PIC thus has common law trademark rights in the P.I.CORP. and PAUL KEVIN PICONE marks ("PIC Marks").

18. PIC relies on the PIC Marks and Copyright Management Information that it attaches to each of its images as its primary mode of advertising. Potential customers seek out and contact PIC using this information.

**DEFENDANT'S UNAUTHORIZED ALTERATION AND USE OF PIC IMAGES**

19. As depicted in each of the sub-exhibits to Exhibits 2-55 (e.g. Exhibit 2-A), each of the images displayed on Defendants' Websites ("Accused Images"), is a copy, in whole or in part, of one of the PIC Images. On information and belief, each of the Accused Images on Design Tyme's Website are provided by Smartlabs and/or through Smartlabs' Website.

20. On information and belief, Defendants created many of the Accused Images through the use of image editing software on the PIC Images, i.e., by "photoshopping" the PIC Images. Vestiges of unique elements in the PIC Images are visible in multiple Accused Images, despite Defendant's unsuccessful attempts to remove them.

21. Defendants also removed PIC Copyright Management Information from all the PIC Images.

22. Defendants have copied, distributed and/or used—and continue to copy, distribute, and/or use—the PIC Images, at least on and/or through Defendants' Websites, to advertise and sell products.

23. PIC never authorized Defendants' use of the PIC Images.

24. On information and belief, Sylvania never authorized Defendants' use of the PIC Images.

25. On information and belief, Defendants' infringement of the copyright in each PIC Image began after PIC's first publication of that PIC Image.

**COUNT I**

**(Copyright Infringement, 17 U.S.C. § 501)**

26. PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

27. Defendants have infringed PIC's copyrights in its PIC Images, in violation of 17 U.S.C. § 501, by copying, publishing, distributing, and/or using PIC Images, or portions or derivative works thereof, and continue to do so without license or other authorization.

28. On information and belief, Smartlabs provides PIC Images and hyperlinks to PIC Images hosted on Smartlabs' Website to others, including but not limited to Design Tyme, without license or other authorization.

29. On information and belief, Smartlabs has the right and ability to control the actions of others, including but not limited to Design Tyme, with respect to the use of the PIC Images.

30. On information and belief, Smartlabs derives a direct financial benefit from the direct infringement of PIC's copyrights in the PIC Images by others, including but not limited to Design Tyme.

31. On information and belief, Smartlabs has knowledge and/or reason to know of the infringement of PIC's copyrights in the PIC Images by others, including but not limited to Design Tyme.

32. On information and belief, Smartlabs has induced, caused, and/or materially contributed to the infringing acts of others, including but not limited to Design Tyme, by encouraging, inducing, allowing and assisting others to use, copy, and distribute PIC Images, and works derived therefrom.

33. Smartlabs has indirectly infringed PIC's copyrights in the PIC Images contributorally and/or vicariously.

34. On information and belief, Defendants' infringement of PIC's copyrights in at least one of the PIC Images commenced after the effective date of its registration.

35. Defendants' direct and indirect infringement has been knowing and willful.

36. As a direct and proximate result of Defendants' direct and indirect willful copyright infringement, PIC has suffered, and will continue to suffer, monetary loss to its business, reputation, and goodwill. PIC is entitled to recover from Defendants, in amounts to be determined at trial, the damages it has sustained and will sustain, and any gains, profits, and

advantages obtained by Defendants as a result of Defendants' acts of infringement and Defendants' use and publication of PIC Images.

37. Unless stopped by an injunction, Defendants will continue infringing PIC's copyrights in its PIC Images and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law. Therefore, PIC is entitled to injunctive relief.

## COUNT II

### (Integrity of Copyright Management Information, 17 U.S.C. § 1202)

38. PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

39. Defendants have intentionally removed or altered PIC's Copyright Management Information for the PIC Images without PIC's authorization, and/or distributed copyright management information with knowledge that the Copyright Management Information was removed or altered without PIC's authorization, in violation of 17 U.S.C. § 1202(b).

40. Defendants' violation of 17 U.S.C. § 1202 has been knowing and willful.

41. Defendants' violation of 17 U.S.C. § 1202 has damaged PIC in an amount to be proven at trial.

42. Unless stopped by an injunction, Defendants' behavior will continue and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law. Therefore, PIC is entitled to injunctive relief.

## RELIEF REQUESTED

WHEREFORE, PIC requests that this Court:

A. Enter judgment that Defendants have infringed and continue to infringe PIC's copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 501;

B. Permanently enjoin Defendants, including their partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from further infringement of the copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 502;

1      C.      Order the recall, impounding, and destruction of all infringing copies made, used
2  or distributed by Defendants in violation of PIC's exclusive rights in and to its PIC Images (and,
3  in the case of electronic copies, order that all such copies be deleted from the computers or other
4  storage means on which they reside), pursuant to 17 U.S.C. § 503;

5      D.      Direct Defendants to pay to PIC its actual damages and any additional profits
6  realized by Defendants, pursuant to 17 U.S.C. § 504;

7      E.      Order that, in the alternative to actual copyright damages, at PIC's election,
8  Defendants shall pay PIC statutory damages pursuant to 17 U.S.C. § 504;

9      F.      Enter judgment that Defendants have violated and continue to violate the Digital
10  Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1202;

11      G.      Permanently enjoin Defendants, including their partners, officers, agents, servants,
12  employees, attorneys, and all those persons and entities in active concert or participation with
13  them, from further violations of the Digital Millennium Copyright Act in relation to the PIC
14  Images, pursuant to 17 U.S.C. § 1203(b)(1);

15      H.      Order the impounding of all devices or products in the custody or control of
16  Defendants that were involved in the violations of the Digital Millennium Copyright Act in
17  relation to the PIC Images, pursuant to 17 U.S.C. § 1203(b)(2);

18      I.      Direct Defendants to pay to PIC its actual damages and any additional profits
19  realized by Defendants, pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(A), and 1203(c)(2).

20      J.      Order that, in the alternative to actual damages, at PIC's election, Defendants shall
21  pay PIC statutory damages pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(B), and
22  1203(c)(3)(B);

23      K.      Enter judgment that Defendants' copyright infringements, have been knowing and
24  willful;

25      L.      Enter judgment that Defendants' 17 U.S.C. § 1203(a) violations of the Digital
26  Millennium Copyright Act have been knowing and with intent to induce, enable, facilitate, or
27  conceal infringement;

28

1  M. Enter judgment that Defendants' 17 U.S.C. § 1203(b) violations of the Digital Millennium Copyright Act have been knowing and intentional;

N. Order Defendants to file and serve a report in writing, and under oath, setting forth the manner and form in which it has complied with the Court's order and injunction;

O. Award PIC its attorney fees and costs in prosecuting this action, pursuant to 17 U.S.C. §§ 505, 1203(b)(5) or other applicable law; and

P. Award PIC such further relief as this Court may deem just and proper.

## JURY DEMAND

PIC requests a Jury Trial on all issues so triable.

Dated: May 9, 2014

HOPKINS & CARLEY
A Law Corporation

By: */s/ John V. Picone III*
John V. Picone III
Attorneys for Plaintiff
PHOTOGRAPHIC ILLUSTRATORS CORPORATION